IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN ANDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-05-1145-F |
| | ) |
| EDWARD EVANS, | ) |
| | ) |
| Respondent. | ) |

## **Report and Recommendation**

Ryan Anderson is a state prisoner who was charged in disciplinary proceedings with battery on staff without injury. After being found guilty, Mr. Anderson appealed and prison authorities ordered a rehearing. According to Mr. Anderson, authorities had 90 days to conduct the rehearing. More than 90 days passed, and Mr. Anderson was allegedly continuing to suffer the penalties imposed with the disciplinary conviction. Unhappy with the delay and continued imposition of the penalties, Mr. Anderson began the present action. Shortly thereafter, authorities conducted a new hearing and again found Mr. Anderson guilty of misconduct. The Respondent has moved to dismiss the action based on nonexhaustion of administrative remedies. The Respondent's argument for dismissal is invalid, but the Court should deny habeas relief on other grounds.

I.    <u>The Respondent's Exhaustion Theory</u>

According to the Respondent, the Petitioner is claiming a lack of due process in the first disciplinary proceeding.[1] Based on this premise, the Respondent contends that the Petitioner had failed to file a petition for judicial review under Okla. Stat. tit. 57 § 564.1 (eff. May 10, 2005). The Respondent's theory is invalid.

The Petitioner is not asserting due process claims based on what transpired in the first disciplinary proceeding. Indeed, prior to filing the present action, Mr. Anderson had already succeeded in obtaining reversal of the disciplinary conviction. Mr. Anderson would have had little reason to seek judicial review over a disciplinary conviction that had already been overturned.[2] But as Mr. Anderson explains, he is not seeking habeas relief based on the first disciplinary hearing. The Respondent's argument is based on a misreading of the habeas petition.

---

[1]    Respondent's Response to Petition for Writ of Habeas Corpus at p. 2 (Oct. 31, 2005).

[2]    In interpreting the administrative exhaustion requirement under the Prison Litigation Reform Act, the Tenth Circuit Court of Appeals has stated: "Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases." *Ross v. County*, 365 F.3d 1181, 1187 (10th Cir. 2004); *accord Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("We conclude . . . that a prisoner need not press on to exhaust further levels of review once he has . . . received all 'available' remedies at an intermediate level of review . . . ." (footnote omitted)); *Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir. 2004) (holding that a prisoner had exhausted available administrative remedies once he obtained reversal on the initial appeal).

II.      <u>Delay in the Rehearing</u>

Mr. Anderson claims in part that prison authorities had waited too long to conduct the rehearing. According to Mr. Anderson, Department of Corrections Policy OP-060125 required a rehearing within 90 days, and this period had elapsed prior to the filing of the habeas petition. But a breach of prison regulations does not equate to a constitutional violation,[3] and this Court has squarely held that habeas relief cannot be based on a failure to timely conduct a rehearing under OP-060125.[4] As a result, habeas relief is unavailable for a delay in the rehearing.

III.     <u>Continuation of the Penalties Pending the Rehearing</u>

The Petitioner also complains that authorities had failed to remove the penalties pending the rehearing. But after the filing of the present action, authorities conducted a new hearing and again found Mr. Anderson guilty of misconduct, imposing the same penalties. Thus, even if authorities had removed the penalties upon the administrative reversal, Mr.

---

[3]    *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("a failure to adhere to administrative regulations does not equate to a constitutional violation" (citation omitted)); *see also Godlock v. Fatkin*, 84 Fed. Appx. 24, 30 (10th Cir. Dec. 16, 2003) (unpublished op.) ("Petitioner does not have a cognizable claim for federal habeas relief based solely on the failure of [Oklahoma's Lawton Correctional Facility] to follow particular regulations and directives.").

[4]    *Wilson v. Evans*, Case No. CIV-05-546-T, slip op. at 4-6 (W.D. Okla. Aug. 26, 2005) (unpublished report and recommendation by magistrate judge), *adopted* (W.D. Okla. Sept. 21, 2005) (unpublished order by district judge), *notice of appeal filed* (W.D. Okla. Oct. 3, 2005).

Anderson would ultimately have obtained the same sanctions based on the outcome of the rehearing. In these circumstances, the habeas claim relating to the original penalties is moot.[5]

IV.   Summary of Recommendations and Notice of Right to Object

The Court should overrule the motion to dismiss because the Respondent's argument is invalid. But habeas relief should be denied on other grounds. The delay would not entitle Mr. Anderson to habeas relief, and the alleged continuation of penalties after the administrative reversal is moot in light of the outcome at the rehearing.

Mr. Anderson may seek review by filing an objection with the Clerk of this Court.[6] The deadline for objections is April 3, 2006.[7] The failure to timely object would foreclose appellate review of the suggested ruling.[8]

V.   Status of the Referral

The referral to the undersigned is terminated.

Entered this 13th day of March, 2006.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[5]   *See Hayes v. Evans*, 70 F.3d 85, *passim* (10th Cir. 1995) (mootness when a petitioner challenged the duration of a state appeal and, while the habeas action was pending, the state appellate court reversed and he was again convicted).

[6]   *See* 28 U.S.C. § 636(b)(1) (2000).

[7]   *See* W.D. Okla. LCvR 72.1(a).

[8]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").